796 So.2d 581 (2001)
SCHOOL BOARD OF LEE COUNTY, Appellant,
v.
M.C., individually and on behalf of B.C., Appellee.
No. 2D00-4226.
District Court of Appeal of Florida, Second District.
September 7, 2001.
Marlene S. Reiss of Stephens, Lynn, Klein, Miami, for Appellant.
J. Michael Hussey and Paul E. Liles of Hussey & Liles, P.A., Fort Myers, for Appellee.
CASANUEVA, Judge.
This is the second appearance of this case before this court presenting a jurisdictional issue. Previously, M.C. appealed the dismissal of her request for a due process hearing by the administrative law judge (ALJ), and we affirmed. M.C. v. Lee County Sch. Bd., 758 So.2d 678 (Fla. 2d DCA 2000) (table) (M.C.-1). Now, the School Board of Lee County appeals a subsequent administrative order also dismissing, for lack of jurisdiction, M.C.'s reluctant second request for a due process hearing under section 230.23(4)(m)(5), Florida Statutes (2000), and 20 U.S.C. § 1400-1491 (1999), the Individuals with Disabilities Education Act (IDEA).
This case began in March 1999, when M.C., on behalf of her mentally and physically disabled minor daughter B.C., filed a request for a due process hearing because she believed that the School Board had not determined, designed, or implemented an appropriate individual educational plan *582 (IEP) or a behavioral plan, and had failed to provide for B.C.'s special educational needs in a number of other ways, as was the School Board's duty and B.C.'s right under IDEA. The administrative proceedings were timely begun but never reached a final hearing because in May 1999 M.C. and the School Board reached a settlement agreement. This agreement provided that B.C. would be placed at a particular school and that the School Board would transport her to and from the school. This arrangement would be in effect from April 14, 1999, through August 13, 1999, when it would be reevaluated at an IEP team meeting scheduled for August 13-20, 1999. The School Board also agreed to pay M.C.'s attorney's fees up to $17,000. In exchange, M.C. waived any right to further pursue her claims in a formal administrative proceeding or to attempt to recover fees and costs other than those the School Board had agreed to pay for the April August 1999 period.
By June 1999 M.C. claimed that the School Board was in breach of the settlement agreement, and she wished to proceed with the formal due process hearing as initially requested. The School Board countered that it was in compliance with the agreement. A due process hearing was then held, and the ALJ, Mary Clark, found that the case should have been dismissed when the settlement agreement was executed in May 1999 because that agreement effectively ended that dispute between the parties. No new dispute within DOAH's jurisdiction was presented at that time. M.C. appealed the dismissal of her case, and this court affirmed without written opinion. M.C.-1.
ALJ Clark's order on appeal in M.C.-1 stated that the DOAH would continue to have jurisdiction of the matter and, if the agreed services were not being provided, then an ALJ must consider those issues in a subsequent due process hearing initiated by either party. Thus, after the mandate in M.C.-1 was filed, M.C. took the only action she concluded was left to her and filed a new demand for a due process hearing in an effort to exhaust her administrative remedies. She made the same complaint for the same period covered by the settlement agreement and again requested rescission and damages based on her belief that the School Board had breached the agreement.
A hearing was held and, although M.C. was the petitioner, she argued to the second ALJ, William Quattlebaum, that the DOAH did not possess jurisdiction because the relief she was seeking was rescission of a contract for services for a set period of time based on the material breach of that contract (the settlement agreement), damages flowing from that breach, and concomitant attorney's fees. ALJ Quattlebaum agreed with her position and dismissed the request for a due process hearing. He found that DOAH had no jurisdiction to enforce, interpret, or rescind the settlement agreement and that there were no issues raised in M.C.'s demand for a due process hearing relating to appropriate educational services for B.C. The School Board then appealed to this court.
We agree with ALJ Quattlebaum that the issues M.C. raises do not fall within the jurisdiction of the DOAH. M.C.'s arguments do not concern the appropriate educational services that B.C. should have received between April 14, 1999, and August 13, 1999, which is the typical dispute resolved in a DOAH due process hearing under IDEA. The settlement agreement of May 1999, the ALJ's final order in M.C.-1, and the final order presently on appeal all demonstrate that M.C. and the School Board had previously resolved their differences as to the extent of services that were *583 to be provided. Furthermore, there are no allegations in the current proceeding that B.C.'s condition has materially altered, necessitating a change in her IEP. Rather, M.C. has raised issues of contractual breach, rescission, and attorney's fees. M.C. wishes to address the School Board's liability for alleged past noncompliance with the settlement agreement that covered a certain, now concluded, time period and the resulting damages and feesa complaint for which the remedy is found in the circuit court.[1]
The School Board continues to rely on W.L.G. v. Houston County Board of Education, 975 F.Supp. 1317 (M.D.Ala.1997), which ALJ Clark cited in her order, but we find W.L.G. distinguishable. The issue in W.L.G. was whether the exceptional student and his mother were entitled to attorney's fees under IDEA, and the court found that they were not, holding: "Essentially what happened here is that W.L.G. and [his mother's] attorneys jumped immediately into the due-process hearing process without first having taken up their concerns with the school system by writing the school board and simply requesting [a] meeting to consider modification of W.L.G.'s IEP." 975 F.Supp. at 1324. As ALJ Quattlebaum recognized, M.C. and the School Board, unlike the parties in W.L.G., had determined an appropriate IEP for B.C. in the settlement agreement, which M.C. never desired to modify. This ALJ also correctly recognized that it was the circuit court that properly should hear M.C.'s contractual breach and damages issue, not an administrative judge. This is so primarily because M.C.'s complaint dealt with a specific time period that had already terminated and she was not seeking different educational services for B.C. during that same period, which, by then, were impossible to provide.
Our disposition, of course, does not forestall any new due process hearing on changes in the educational needs of B.C. not covered under the settlement agreement.
Affirmed.
PARKER, A.C.J., and ALTENBERND, J., Concur.
NOTES
[1] In no way should this opinion be read as a comment on the merit of M.C.'s claims.